PEOPLE *v.* MORGAN.

1. HOMICIDE—SECOND DEGREE MURDER—EVIDENCE—SUFFICIENCY.
　In prosecution for homicide, verdict of guilty of second degree murder, *held*, justified under evidence.

2. CRIMINAL LAW—HOMICIDE—TRIAL—INSTRUCTIONS—FAILURE OF DEFENDANT TO TAKE STAND.
　In prosecution for homicide, instruction by trial judge that jury had no right to comment among themselves on fact that defendant failed to take witness stand, *held*, not reversible error, in view of fact that jury must have understood that said matter should not enter into their deliberations, although broader word than "comment" might well have been chosen.

3. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
　Where, in prosecution for homicide, charge as whole fairly presented case to jury, including defense of excusable homicide, there was no error in refusing requests to charge.

Appeal from Genesee; Parker (James S.), J. Submitted June 16, 1933. (Docket No. 100, Calendar No. 36,609.) Decided August 29, 1933. Rehearing denied December 6, 1933.

Helen Joy Morgan was convicted of second degree murder. Affirmed.

*Barratt O'Hara,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *Andrew J. Transue,* Prosecuting Attorney, for the people.

CLARK, J. Defendant was convicted of second degree murder of Leslie Casteel and prosecutes review.

Deceased, several times married and divorced, and defendant became sweethearts. Their relations, intimate and continued, were marred by opposition of defendant's mother and by violent and perhaps not groundless jealousy of defendant. There was talk of marriage. There is evidence of threats by defendant to kill deceased if he did not quit consorting with another woman. Deceased owned a revolver. Defendant at times had it in her possession. She purchased cartridges for it and received instructions as to loading and shooting it. Deceased was a large man, young, and of great strength and vigor. Finally, when it was considered that deceased was about to leave their home city of Flint, he and defendant met by appointment, and she, driving her automobile and he sitting beside her, went to a cemetery, where defendant, while backing out of the car, shot deceased several times as he sat in the car. She, according to her statement, aided the deceased from the car to the ground, or, according to the testimony of another witness, she pulled the body from the car. She drove back to the city and reported the fatal shooting. The defense is excusable homicide, shooting in self-defense. Her contention is that she was in fear of deceased because of his threats and known violence; that when they reached the cemetery they quarreled; that he produced the revolver and pointed it at her, threatening to kill; that she struggled with him; took the revolver from him, and while trying to get away shot him. The chief question is on the weight of the evidence. The most significant fact in her favor is that she was heard to scream before the shots were fired. This may be said to be nearly if not quite undisputed, and it makes the case close and difficult as to fact. But

against this is the improbability of her wresting the revolver from the deceased, and the probability that he did not then have it, her threat or threats, her violent jealousy, and her purchasing cartridges and seeking instruction in the use of the revolver. Upon a careful study of the record, we must decline to disturb the verdict.

The trial judge said—quoting from the charge—

"You have no right to comment among yourselves upon the fact that the respondent in this case failed to take the stand; she had a right to be sworn, she had a right not to be sworn, and the election is solely with her."

The restriction to "comment" is urged as too narrow. Perhaps a broader word might well have been chosen, but the instruction was in respect of the jury's deliberations, and must have been understood to mean that the matter should not enter into them, and hence we hold it not to be reversible error.

There is much argument in the briefs relative to instructions given and to requests not given as preferred. We have examined them with care. The charge as a whole appears to have been prepared largely and substantially from decisions of this court. Upon the questions urged the bench law is abundant. Nothing will be gained by repetition. The case, including the defense of excusable homicide, was given fairly to the jury. We find no reversible error. No other question calls for discussion.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.